UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA HILLARD | * | CIVIL ACTION NO. 22-01634 |
|     Plaintiff | * | |
| | * | JUDGE ELDON E. FALLON |
| VERSUS | * | |
| | * | MAGISTRATE DANA M. DOUGLAS |
| USAA GENERAL INDEMNITY COMPANY | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER AND REASONS

Before the Court is Defendant USAA General Indemnity Company's ("USAA") Motion for Summary Judgment of Plaintiff Lisa Hillard's claims. R. Doc. 21. Plaintiff has responded in opposition. R. Doc. 22. Having considered the parties' arguments and the applicable law, the Court rules as follows.

I.    **BACKGROUND**

On August 29, 2021, Hurricane Ida hit Louisiana and caused significant to damage to Plaintiff's property. R. Doc. 1 at 2. Plaintiff's property was at that time covered by a Standard Flood Insurance Policy (the "Policy") issued by USAA. *Id.* On September 7, 2021, Defendant received a flood claim from Plaintiff. R. Doc. 21-3 at 1. Upon inspecting Plaintiff's property, USAA paid out $55,535.46 to Plaintiff. *Id.* Subsequently, on January 17, 2022, Plaintiff submitted a proof of loss document to USAA, contending that she was entitled to a total payout from her flood insurance of $140,337.29. R. Doc. 21-12 at 3. After a second inspection, USAA's adjuster determined that Plaintiff had suffered only an additional $12,814.17 in covered damages, which Defendant then paid to her. R. Doc. 21-3 at 1–2. Accordingly, Plaintiff then brought this suit

against Defendant for breach of contract and failure to tender payment for casualty losses, asserting that she is entitled to an additional payment of $62,082.29 for flood damages. R. Doc. 1 at 3.

## II.　PRESENT MOTION

USAA now moves the Court for summary judgment, arguing that Plaintiff has raised no genuine issue of material fact as to whether she has been paid for all damages for which the Policy provides coverage. R. Doc. 21. On the other hand, Plaintiff contends that she has adequately pleaded that there exist genuine issues of material fact as to whether certain damages unpaid by USAA were in fact covered by the Policy, and therefore should have been paid out to her. R. Doc. 22-2.

## III.　APPLICABLE LAW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant

cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party" in order to grant summary judgment. *Delta*, 530 F.3d at 399.

### IV.   DISCUSSION

Plaintiff's policy with USAA provided coverage only for items that sustained direct physical damage from floodwaters, specifically excluding coverage for any items damaged by wind or rain. USAA claims that summary judgment is appropriate because it has already paid for all damages which were caused by floodwater, and that the additional damages Plaintiff is attempting to claim are excluded.

The Court disagrees. At the summary judgment stage, Plaintiff has adequately pleaded that there is at minimum a genuine issue of material fact as to whether all of the damages that USAA determined were excluded wind or rain damages may in fact have been flood damage. For example, USAA determined that the property's front, rear, and left side windows had been damaged by floodwaters, but denied her claim for the damage to the right side windows as excluded by the policy. R. Doc. 21-9. But Plaintiff has submitted evidence that the right and left side windows were at approximately the same elevation, *see* R. Doc. 21-9 at 55; 65, photos from USAA's inspector seem to depict flood debris on the right side windows, *see* R. Doc. 21-9 at 5,

and Plaintiff's own inspection determined that the right side of the property was damaged by floodwater. *See* R. Doc. 21-12 at 7; R. Doc. 23-2 at 4; 92. This discrepancy creates an issue of material fact as to whether Plaintiff has been adequately compensated for her Hurricane Ida damages under the Policy.

This is not the only example; among other items with contested damage, Plaintiff also disputes USAA's decision not to cover a fence which she asserts was knocked down by flood waters, and has submitted an inspector's photograph noting that the fallen fence was "flood debris[.]" Doc. 21-9 p. 55. At the summary judgment stage, this is enough. Plaintiff has thus presented evidence that genuine issues of material fact exist, and that Defendant's motion must be denied.

### V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 6th day of February, 2023.

_____
United States District Judge